MATTHEW P. WHITTALL, PETITIONER, v. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 41110.    Filed July 29, 1955.

*Howard D. Sharpe, Esq.*, for the petitioner.
*Burton L. Williams, Esq.*, for the respondent.

810

JOHNSON, *Judge:* Petitioner created a trust in 1947 and in 1948 he made certain contributions to it. Petitioner contends that he made a gift of $48,000 to the trust in the early part of 1948, that another $48,000 was contributed to the trust in the latter part of 1948, and that of the second $48,000, $24,000 should be considered as contributed by his wife, that he is entitled to exclude $3,000 for each of his 11 grandchildren as gifts to them, and that he is entitled to exclusions for the gifts to his children.

In opposition, respondent disallowed the exclusions and maintains that the contributions to the trust in 1948 did not inure to the benefit of the grandchildren since the 1947 contribution to the trust was sufficient to fund the annual annuity to them. With respect to petitioner's children, respondent contends that the gifts, if any, were not capable of evaluation and that the gifts were gifts of a future interest. Respondent contends that petitioner's wife made no gift from her property to the trust.

Section 1003 (b) (3) of the 1939 Code provides:

SEC. 1003. NET GIFTS.

(b) EXCLUSIONS FROM GIFTS.—

(3) GIFTS AFTER 1942.—In the case of gifts (other than gifts of future interests in property) made to any person by the donor during the calendar year 1943 and subsequent calendar years, the first $3,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.

The beneficiaries under the provisions of the Paget Trust were petitioner's wife, his children, his grandchildren, "and the issue of the Donor" after decease of his children and grandchildren. Petitioner now only claims the benefit of the annual $3,000 exclusion for the grandchildren and children.

We shall consider the possibility of gifts to petitioner's grandchildren. While petitioner did not admit it, the evidence supports the fact that the $200 annual gift to each of his grandchildren for the life of their parents was fully funded in 1947. Therefore, any additional contribution to the trust after 1947 would not directly increase the grandchildren's benefits. Petitioner has not shown that the trust needed additional funds to insure the payments to the grandchildren. Further, we cannot evaluate the present benefits to the grandchildren from the increased corpus resulting from the 1948 contributions to the trust, for they will only benefit if there is a surplus of income, if certain of petitioner's children are deceased, and if the indebtedness of the trustee does not exceed $5,000. In view of these conditions, payments to petitioner's grandchildren in excess of $200 a year might never arise.

Next, one of petitioner's grandchildren was to receive "Fifteen Hundred ($1500) Dollars annually in such installments as the Trustee shall determine." This money was to be paid during the period the grandson was a student in a preparatory school and for the period not exceeding 4 years that he would be a student in a college. The trust instrument stated that a definite amount would be paid, but it did not state a definite time of payment. Therefore, there is no way of determining the value of the gift in 1948. In fact, the grandson might not attend school and never benefit from the provisions of the trust. Again, this provision for the grandson's education is a future interest and as such is not excludible as a present gift to the trust. *Fondren* v. *Commissioner*, 324 U. S. 18. Respondent's disallowance of the exclusions for the grandchildren must be sustained.

We shall next consider the possibility of annual $3,000 exclusions based on the benefits given to petitioner's children. The second clause of the trust instrument provides for a sum not exceeding the payment of $6,000 a year to one of petitioner's sons "provided in each calendar year an excess shall be available out of the net income after making provision" for petitioner's wife. This gift is a present interest. However, we have not been shown the present or discounted value of the gift, nor do we know if any part of petitioner's 1948 contribution to the trust added anything to this gift. Therefore, an exclusion for this gift cannot be sustained.

Petitioner's other three children did not receive any stipulated sum of money. In fact any payment to them was based on a number of contingencies. One was that there must have been surplus income; another, that petitioner's wife, his grandchildren, and sick son would have received their benefits; and finally, the indebtedness of the trust would not exceed $5,000 at the time of the distribution to the children. In view of these contingencies we cannot determine the present value of the gifts to his children. Therefore, an exclusion for them for the 1948 contribution to the trust cannot be sustained.

The second issue involves the question of whether petitioner's gift tax in 1948 should be based on contributions to the trust of $72,000 or $96,000. Petitioner contends that the $48,000 gift to the trust in December 1948 should be treated as gifts of property, made one-half by him and one-half by his wife. In contrast, respondent contends that petitioner's wife made no gift to the trust from her own property in 1948.

In general, section 1000 (f) of the 1939 Code provides that gifts by one spouse to any person other than his spouse may be considered as made one-half by him and one-half by the spouse. To benefit under this section each spouse must be a citizen or a resident of the United States at the time of the gift and a consent must be signified

in a manner as provided by the regulations. It should be pointed out that section 1000 (f) is only applicable to gifts a husband and a wife make to a third party.

According to Regulations 108, section 86.3a (4), if one spouse transfers property in part to his spouse and in part to third parties, the consent is effective with respect to the interest transferred to third parties only insofar as such interest is ascertainable at the time of the gift and hence severable from the interests transferred to his spouse.

Unfortunately, from the record before us we cannot ascertain what part of the December 1948 addition to the trust was an interest transferred to petitioner's spouse. Therefore, we cannot determine what part of the 1948 contribution was made to third parties and was available for gift-splitting privileges under section 1000 (f). On this issue respondent must be sustained.

*Decision will be entered for the respondent.*